JAMES STREETER *v.* VELRUVIOUS C. POOR, HANNAH POOR AND HENRY W. POOR.

*Error from Marshall County.*

Neither the declarations, nor acts of a man, can be given in evidence, to prove that he is the agent of another; where agency is a question at issue, it should be proved by other testimony.

F., having a note, payable and belonging to S., in his possession, tends to show that there was authority in F. to act for S., but only in collecting the note.

A statement of the facts of the case may be found in the opinion of the court.

*J. D. Brumbaugh* submitted, for plaintiff in error:

The court erred in allowing declarations of Fields to go to the jury, unless defendant first established the agency. (*Irvine* v. *Buckaloe*, 12 *S. & R.*, 35; *Sencerbox* v. *McGrade*, 6 *Min.*, 484; 3 *Cow. & Hill's notes to Phil. Ev.*, 412; *Craighead* v. *Welles*, 21 *Mo.*, 404; *Caldwell* v. *Gardner*, 31 *Mo.*, 131.) An agency to collect the note, did not tend to show an agency to guard timber. *Taylor* v. *Robinson*, 14 *Cal.*, 396.

No counsel for defense.

*By the Court,* SAFFORD, J.

The plaintiff in error brought suit in the district court of Marshall county, to foreclose a mortgage, executed to him by the two first named defendants. The petition was in the usual form.

Velruvious C. Poor answered, and substantially admitted the facts of the petition, but claimed an off-set of two hundred and ten dollars, for taking care of the timber on a tract of land in said county, for plaintiff, under authority from one Fields, who represented himself to said defendant as the agent of plaintiff.

Plaintiff, in reply, denied the allegations of the defendant, as to the off-set, and also denied that Fields was his agent, either general or special. Upon trial being had, the jury found for the defendant, on his claim of off-set, in the sum of one hundred and forty dollars, and judgment was rendered by the court accordingly.

Plaintiff then moved for a new trial, and alleged among other things, the following ground: "3. Because there was error of law accruing at the trial, and said error was excepted to by the plaintiff, at the time of said trial." This motion was denied, and plaintiff brings the case here for review. One error complained of as occurring at the trial, was the admission of certain testimony on the part of the defendants, for the purpose of establishing the allegation or claim that Fields was the agent of plaintiff, and authorized to employ Velruvious C. Poor to guard the timber, as it is alleged he did.

The bill of exceptions recites all of the evidence which was submitted to the jury in the case, and an examination of it shows that the portion of it relied upon as proving the authority of Fields to employ V. C. Poor to guard timber for plaintiff, consisted of his (Fields's) declarations that he was the agent of plaintiff, coupled with the fact that at the time of making such declarations he had with him the note given by Poor to plaintiff for collection. We are clearly of the opinion that Fields's declarations should not have been allowed to go before the jury as evidence of his agency over the objections of the plaintiff. The rule of law bearing upon this question is "that neither the declarations of a man, or his acts, can be given in evidence to prove that he is the agent of another." 3 *Cowan & Hill's notes to Phillips's Ev.*, 412 ; 6 *Minn.*, 484 ; 21 *Mo.*, 404.

From these authorities it would appear that the agency of Fields, and his consequent power to contract for and in behalf of plaintiff, should have been established by other testimony.

It may be said that the fact of Fields being in pos-

session of the note of defendant, Poor, tended to show that he was authorized to act for plaintiff. This is true; but only so far as the collection of the note was concerned. His power to collect the note did not give authority to make a contract for the guarding of timber. We therefore think that there was no proper evidence given to the jury to sustain the defendant's alleged off-set to plaintiff's claim.

It is further claimed on behalf of the plaintiff in error, that the court erred in refusing certain instructions to the jury, which were asked by his counsel. It seems probable, from the bill of exceptions, that such may have been the case; but still we are unable to say that other instructions, substantially embodying those that were asked for, were not given, as the bill does not purport to set forth the charge of the court as actually given to the jury.

The judgment of the court below is reversed, and the cause remanded, with instructions to grant a new trial.

All the justices concurring.