French v. Wade.

DAPHNEY FRENCH, et al., v. H. A. WADE.

1. AGENT — *Evidence of Authority.* While an agent may testify under oath as to his authority to act for the principal, the mere declarations of one who professes to be an agent are not competent evidence to establish his agency.

2 EVIDENCE; *Communications between Husband and Wife.* The plaintiff caused the deposition of one of the defendants to be taken prior to the trial in which the witness gave testimony concerning communications had with her husband during the marriage, and prior to his death. *Held,* That the testimony falls within the prohibition of the code which forbids husband or wife " to testify concerning any communication made by one to the other during marriage, whether called while that relation subsisted, or afterwards," and its admission over the objection of the defendants was error. (Civil Code, § 323.)

*Error from Labette District Court.*

THE opinion contains a sufficient statement of the facts. Trial at the May Term, 1884, and judgment for plaintiff *Wade.* The defendants bring the case here.

*Perkins & Morrison,* for plaintiffs in error.

The opinion of the court was delivered by

JOHNSTON, J.: The averments in the amended petition filed by the plaintiff below, who is defendant in error here, were, in substance, that on the 20th day of December, 1874, Peter French sr. was the owner of lot 16 in block No. 3, in the city of Parsons, and that about that time he and his wife Daphney French, through James W. French, who was their duly-authorized agent for that purpose, entered into a verbal agreement to sell the lot to the plaintiff Wade for the sum of $375, which sum was to be paid by the plaintiff within a reasonable time thereafter upon the execution and delivery to him of a good and sufficient deed to the premises. A part of the alleged agreement was that Wade might enter and take possession of the lot upon payment of the purchase-money; and it was averred that on March 15, 1875, and within a reasonable time after the making of the agreement, he paid to Peter French sr. the full amount of the purchase-money, and demanded a deed of general warranty to the lot. He states that upon the payment of the purchase-money he took possession of the lot under the agreement, and has retained the same ever since, and that during that time he has expended the sum of $400 in making valuable and permanent improvements thereon. It is further alleged that after the making of the verbal agreement, the payment of the purchase-money, and the taking of possession by the plaintiff, Peter French sr. and Daphney French, by James W. French, their agent authorized by parol, executed and delivered to the plaintiff their written contract for the sale of the lot, a copy of which is set out, and is in form an absolute conveyance. It is further averred that on October 17, 1876, Peter French sr. died intestate, leaving defendants as his heirs at law. It is then stated that on or about August 1, 1883, he demanded of the defendants a conveyance of the lot in accordance with the agreement mentioned, but that they had failed and refused to

convey the same by quitclaim deed or otherwise, and that
Peter French sr. did not in his lifetime convey said premises
to the plaintiff except as hereinbefore stated, and the plaintiff
therefore prayed that the defendants be ordered to convey
their interest and title in the lot to the plaintiff, and that the
plaintiff's title and possession be quieted in him.

The defendants denied the selling of the lot by Peter
French sr., and denied that James W. French was at any time
the authorized agent of Peter French sr. and Daphney
French, to act for or represent them in the sale of the prem-
ises, or in the making of the agreement alleged by the plain-
tiff, and they claim the property as the heirs-at-law of Peter
French sr. At the trial a jury was impaneled to whom the
principal questions of fact arising under the pleadings were
submitted, and upon which findings were made. One of the
most important controverted questions submitted was, whether
James W. French was the authorized agent of Peter French sr.
and Daphney French, his wife, in the sale of the lot in ques-
tion. This question was affirmatively answered, and the
other questions having been found in favor of the plaintiff
Wade, judgment was rendered in accordance with his prayer.

The errors alleged here relate chiefly to the admission of
evidence. The plaintiff was called as a witness on his own
behalf, and was asked if James W. French represented him-
self to be the agent of his father; and was also requested
to state what was said by James W. French as to the fact of
his agency. Although a specific objection was made that
agency could not thus be proved, the witness was permitted
to testify what the supposed agent said with respect to his au-
thority, and that he represented himself to be acting as the
agent of his father in the premises. This testimony was
clearly incompetent. It is well settled that while an agent
may testify under oath as to his authority to act
for the principal, the mere declarations of one who
professes to be an agent are not competent evi-
dence to establish his agency. (*Streeter v. Poor*, 4 Kas. 412;
*Howe Machine Co. v. Clark*, 15 id. 492; *Mo. Pac. Rly. Co. v.*

1. Agent; evi-
dence of au-
thority.

*Stults*, 31 id. 752.) The objectionable testimony related to a very material if not the pivotal question in the case. The plaintiff did not claim to have communicated or negotiated directly with Peter French sr. regarding the sale of the lot. All negotiations respecting the same were with James W. French, who claimed that he was authorized to sell it to the plaintiff. This authority was denied by the defendants, who claimed that the only authority that was ever given to him by Peter French sr. was to execute a mortgage on the lot to Wade to secure a debt owing to him for the construction of a house thereon; and as the record discloses that subsequent to the alleged agreement, and on January 14, 1875, Peter French sr. and Daphney French actually executed an instrument appointing James W. French as their attorney to execute a mortgage to Wade upon the house and lot in controversy, the importance and effect of the testimony objected to is apparent. This assignment of error must be sustained.

The plaintiff, over the objection of the defendants, read in evidence the deposition of Daphney French, which had been taken at his instance some time prior to the trial. A large part of the testimony which she gave related to communications had with her husband concerning the sale of the lot at

2. Communications between husband and wife.

Parsons. It therefore falls within that prohibition of the code which forbids husband or wife "to testify concerning any communication made by one to the other during the marriage, whether called while that relation subsisted, or afterward." And its admission was error. (Code, § 323.)

After the jury had returned its findings, the plaintiff asked and obtained leave to amend his petition by striking therefrom the copy of the written contract as set forth, together with all reference thereto, so as to make the petition conform to the evidence and findings of the jury; and the defendants complain that they were not permitted to plead to or try the case on the petition as amended. It is not clear that the defendants were prejudiced by this ruling; but however that may be, the cause for complaint can now be removed, as the case will have

to be remanded for a new trial, and an opportunity will thus be afforded them to amend their answer and meet the issues as now tendered by the plaintiff.

There are no other questions raised that we need to notice, but for the errors mentioned the judgment must be reversed, and a new trial granted.

All the Justices concurring.