## R. PAULSEN v. MARY E. HALL.

1. JUDICIAL SALE — *Seizure in One Township, Sale in Another, Void.* Where an officer, under process issued by a justice of the peace, seizes property in one township, and advertises and sells the same in another township, the sale will be invalid as against the owner.

2. SALE — *Implied Warranty of Title — Defective Title — Recovery.* A sale of personal property in the seller's possession for a fair price implies an affirmation by the seller that the property is his own, and implies also a warranty of title by him, unless it is shown by the facts and circumstances of the sale that the seller did not intend to assert ownership in himself, but only to transfer such interest as he might hold in the property sold; and where an implication of warranty arises, and the title of the seller is defective so that nothing passes,

the purchaser can recover his money, although there is no fraud or express warranty on the part of the vendor.

3. —————— *Warranty of Title—Possession—Rebuttal of Presumption.* The presumption of a party who sells property of which he is in possession, warrants the title may be rebutted by the facts and circumstances of the sale; but the mere fact that the agent of the purchaser knew how the seller originally obtained the property and the facts concerning the title then acquired, does not necessarily preclude an implication of warranty of title by the vendor in the subsequent sale.

4. HUSBAND, *Agent for Wife.* The authority of the husband to act as the agent of the wife may be established by his own testimony.

### *Error from Osage District Court.*

ACTION by *Mary E. Hall* against *Paulsen,* to recover $300 damages for the loss of a certain stallion sold by the defendant to plaintiff. Trial at the November term, 1886, and verdict and judgment for plaintiff for $171.15. The defendant brings the case to this court. The material facts are stated in the opinion.

*William Thomson,* for plaintiff in error.

*Ellis Lewis,* and *A. H. Case,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: Mary E. Hall brought this action against R. Paulsen, alleging that on October 28, 1885, Paulsen having in his possession and claiming to own a certain stallion, then sold and delivered the same to her for $158, and that he warranted and agreed with her that he had a good title to the stallion, and a good right to sell the same. She further alleged that she bought the stallion relying on his warranty of title, but that in fact he was not the owner of the stallion, and had no title thereto, and that the property was then owned by Mary A. Million, who had the title thereto and the right of possession, and who had deprived her of the animal; and she further claimed damages for it in the sum of $300 for the loss. She recovered a judgment before the justice of the peace where the action was begun, and an appeal was taken to the district

court, where a verdict and judgment was again rendered in her favor, for $171.15. Paulsen seeks a reversal of that judgment. He complains of the ruling of the court upon the competency of testimony, that instructions requested by him were refused,. and that the verdict was unsustained by the evidence.

It appears that Paulsen purchased the horse at a judicial sale. He instituted an action before a justice of the peace of Burlingame township, in Osage county, against S. D. Million and Mary A. Million, for the recovery of money, and the stallion, among other property, was attached. Subsequently he recovered a judgment, and the justice of the peace issued an order of sale to sell the attached property. The stallion was seized in Dragoon township, and was advertised and sold to Paulsen, in Burlingame township, of the same county. He retained possession and control of the animal until the sale to the defendant in error. Shortly after this sale Mary A. Million recovered possession of the horse, and later she recovered a judgment against Mary E. Hall for the use of the horse while she held possession of him. This was done upon the theory that the title of Mary A. Million to the horse was not divested by the judicial sale, for the reason that the horse was seized in one township and advertised and sold in a different one. The law requires that all property sold under process issued by a justice of the peace shall be advertised and sold in the township where it is seized, and hence the sale to Paulsen was invalid. The principal controversy between the parties to this action was whether Paulsen expressly or impliedly warranted the title to the horse at the time of the sale to Mary E. Hall. He claims that he expressly refused at the time of the negotiation to warrant the title, and that he told J. D. Hall, who made the purchase for his wife, that she must take the horse upon her own responsibility and risk. But this claim is directly negatived by the findings of the jury.

1. Property to be sold in township where seized.

A series of instructions was requested by the plaintiff in error and refused by the court. We deem it unnecessary to examine them in detail. In the main they correctly stated the

law; but the general charge which was given embraced sub-
stantially all that was requested, and we think all that was
necessary for a fair and full submission of the case.   Upon
the question of implied warranty, the learned court charged
the jury that—

"A sale of personal property in the seller's possession for a
fair price, implies an affirmation by the seller that the prop-
erty is his, and implies also a warranty of title
by him, unless it be shown by the facts and cir-
cumstances of the sale that the seller did not
intend to assert ownership by him, but only to transfer such
interest as he might hold to the property sold.   If therefore
you believe from the evidence that the defendant, being in
possession of the animal in controversy, sold and delivered
the same to the plaintiff, he is in law presumed to warrant
the title thereto.   But if you further believe from the evi-
dence that at the time of said sale he stated in substance to
the agent of the plaintiff, who was buying said property for
her, that the plaintiff was buying said property on her own
responsibility, or at her own risk, and that the defendant
would not guarantee the title, or if all the facts and circum-
stances surrounding such sale were of such a character as to
show that the defendant did not intend to warrant the title,
then there was no implied warranty by the defendant of the
title to said property."

The doctrine of this instruction was repeated in connection
with the facts in others that were given, and is appropriate and
correct.   The American courts uniformly hold that a party
selling property of which he is in possession as his own, war-
rants the title to the same, and that if the title is
defective and nothing passes, the purchaser can
recover back his purchase-money, although there
be no fraud or express warranty on the part of the vendor.
This presumption may be rebutted by the facts and circum-
stances surrounding the sale; and this view of
the law was presented to the jury in the general
charge.   It seems that J. D. Hall knew how
Paulsen had obtained the animal, and the facts and circum-
stances upon which his title was based; but this does not
necessarily show that the vendor was not selling as owner, or

that he was intending only to transfer his own interest, or that the purchaser was to take the risk of the title. There is included in the general verdict a finding, based on competent testimony, that the plaintiff in error was in possession of the property, claiming it as his own, and there is a special finding that he received the full value of the horse at the sale. Under the testimony, we think an implication of warranty may be fairly sustained, and that good faith requires such implication to be made.

It is claimed that Mary A. Million has ratified the invalid judicial sale by recognizing it as valid, and that therefore Paulsen acquired and conveyed a good title. This view of the case was not overlooked by the court in its charge, as the jury were instructed that if Mary A. Million, either in person or by her duly-authorized agent, recognized the validity of the judicial sale by demanding the proceeds thereof, or otherwise, then, for the purposes of this case, the judicial sale would be held valid. It appears that one E. C. Million did make a demand upon the justice of the peace who issued the order of sale for the proceeds of the sale beyond what had been applied in the satisfaction of Paulsen's judgment; but whatever may have been his authority, the demand could not affect the result of this case, as it was not made until long after the commencement of the action, nor until about two weeks prior to the trial. The plaintiff in error did not supplement his pleading with a statement of the demand, nor did he otherwise bring it within the issues of the case.

It is claimed that there was error in permitting John D. Hall, the husband of the defendant in error, to testify that he was her agent; and the contention is that he was not a competent witness in the case, until his agency was established by other witnesses. Where the husband and wife are joint parties and jointly interested, or where one has acted as the agent of the other, no disqualification exists. In such cases they are as competent as any witness can be, and therefore Hall could testify in regard to the agency and as to what had been done under it as freely

4. Agent—authority shown by his own testimony.

and fully as any other witness could; and it is well settled that the authority of the agent may be shown by his own testimony. (*French v. Wade*, 35 Kas. 391; *W. & W. Rld Co. v. Kuhn*, 38 id. 105.)

We are of opinion that there is sufficient testimony to uphold the findings and verdict, and that none of the errors assigned for reversal can be sustained. The judgment of the district court will therefore be affirmed.

All the Justices concurring.