262  WINGROVE v. WILLIAMS.

N. Dept.     Syllabus.     6 Kan. App.

---

ODILLE WINGROVE v. B. K. WILLIAMS.
### No. 234.

1. DEFAULT—*permitting pleadings to be filed out of time is matter of discretion.* The right of the trial court to grant leave to file pleadings out of time is found in section 106, Code of Civil Procedure. This section of the Code leaves the matter of allowing pleadings to be filed out of time wholly in the discretion of the trial court, and unless the court has abused its discretion in this regard a judgment should not be reversed for this cause alone.

2. WITNESS—*husband of plaintiff incompetent unless her agent.* There is no error apparent in the rejection of the husband's testimony offered on behalf of the plaintiff, his wife. The husband is an incompetent witness in a suit where his wife is plaintiff, unless the plaintiff shows or offers to show that the testimony offered concerned transactions in which he acted as her agent.

3. DEMURRER TO EVIDENCE—*properly sustained in this case.* A demurrer to the evidence was properly sustained by the trial court, in an action for damages to the realty and growing crops upon uninclosed lands, where the evidence fails to show that the Herd Law had been put in operation by order of the Board of County Commissioners in pursuance of chapter 193, Laws of 1872 (¶¶ 6782–6787, Gen. Stat. 1889), or that the stock were driven upon the land by the defendant, and where the evidence fails to show that plaintiff was the owner of or in possession of said premises.

Error from Clay District Court.   Hon. R. B. Spilman, Judge.   Opinion filed November 15, 1897.   *Affirmed.*

This action was begun to recover damages arising from trespassing live stock in Clay County, Kansas. The defendant was in default for answer.   The court permitted him to file one instanter.   Upon the trial a demurrer to the evidence was sustained and judgment for costs rendered.   Plaintiff brings the case here upon three points of error : *First*, that it was error to permit the answer to be filed ; *second*, the rejection of the testimony of the husband of the plaintiff in error ; *third*, that the demurrer to the evidence was wrongly sustained.

*Charles Wingrove*, for plaintiff in error.

*F. L. Williams*, *F. P. Harkness* and *B. B. Tuttle*, for defendant in error.

McELROY, J.'   I. The right of the trial court to grant leave to file pleadings out of time is found in section 106 of the Code of Civil Procedure.   This section of the Code leaves the matter of allowing pleadings to be filed out of time wholly in the discretion of the trial court.   Did the trial court abuse its discretion in permitting the answer to be filed?   The record is wholly silent as to what showing was made by the defendant.   It does not appear that the court abused its discretion, in this regard.   *Tefft v. Firey*, 22 Kan. 753 ; *Davis v. Wilson*, 11 id. 74 ; *Brown v. Holmes*, 19 id. 567.

II. The husband was an incompetent witness unless the plaintiff should show, or offer to show, that the testimony offered concerned transactions in which

264          WINGROVE v. WILLIAMS.

N. Dept.          Opinion.  McElroy, J.          6 Kan. App.

he acted as her agent. *Paulsen v. Hall*, 39 Kan. 365 ; Code of Civil Procedure, § 323.

III.   It is contended that the court erred in sustaining the defendant's demurrer to the evidence. The plaintiff claimed to be the owner of the land upon which the crops and timber in controversy were growing ; that the damage was done by trespassing cattle, owned by or in the possession of the defendant. In order for the plaintiff to recover, she must prove, *first*, that she was the owner of the land in controversy to the extent of showing a right paramount to any right of the defendant ; *second*, that her crops and land were damaged by trespassing cattle ; *third*, that the cattle were owned by or were under the control of the defendant.

As to the first proposition, the record shows a lack of proof of title, legal or equitable. The evidence does not prove possession nor the right of possession. The proof of possession by the plaintiff would be proof of title as against the wrongdoer ; it may be said to be *prima facie* evidence of title, and in the absence of other testimony would be sufficient to sustain a judgment in favor of plaintiff. Not one word of evidence is contained in the record which proves or tends to prove that plaintiff was in possession of the real estate in question. The evidence does not prove, nor is there any evidence which tends to prove, that the plaintiff had title to the land in controversy or possession of it, or that she had the right of possession at any time previous to the commencement of this action in the trial court.

As to the second proposition, the petition of the plaintiff states, and the evidence shows, that the land upon which the damage was done was uninclosed. The land not being inclosed by a lawful fence, before

she could recover for damages done by cattle, she would be required to prove that the cattle were trespassing, that is, that they were unlawfully upon the land. This she could do by proving that the Herd Law had been put in operation in Clay County by order of the Board of County Commissioners in pursuance of chapter 193, Laws of 1872 ( ¶ ¶ 6782–6787, Gen. Stat. 1889 ). No effort was made to prove that the Herd Law was in operation in said county. It is argued by the plaintiff, that where cattle are driven on the land in possession of another, and damage is thereby occasioned, the wrongdoer cannot set up the want of a lawful fence as a justification of his conduct. This proposition is correct. In the case under consideration the petition said that " the defendant wrongfully drove his cattle, and other cattle in his possession, into and upon such lands." But there is no proof of this allegation in the record. The evidence simply shows the cattle to have been permitted to run at large unattended. The failure of the plaintiff to prove that the cattle were unlawfully upon the land justified the court in sustaining the demurrer to the evidence.

From what we have said, it follows that the court properly overruled the motion for a new trial. The judgment is affirmed.