C. F. RICHARDS v. L. J. NEWSTIFTER.

No. 13,834. (78 Pac. 824.)

SYLLABUS BY THE COURT.

AGENCY—*Proof.* Agency cannot be proved by the mere acts of the one who assumes to act in that capacity.

Error from Johnson district court; WINFIELD H. SHELDON, judge. Opinion filed December 1, 1904. Reversed.

*O. G. Richards*, and *J. W. Parker*, for plaintiff in error.

*John T. Little*, *Chancy B. Little*, and *A. L. Devenney*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J. : C. F. Richards brought an action against J. E. Boyd and L. J. Newstifter to recover $102 on a promissory note. It had been given to J.

P. Sherr, who, some time after maturity, transferred it to Richards.  On the back of the note payments had been indorsed, and there was also a statement that "this note is by permission of surety extended twelve months.  A. C. S."  In his answer Newstifter alleged that he signed the note as surety only ; that he had never received any of the consideration or benefits of the note, and that after the note became due, Sherr, the then holder and owner, extended the time of payment of it for a year without his knowledge or consent and without any consideration from him.

There was testimony that the note was turned over to one A. C. Smith for collection ; that Smith was the agent of Sherr, and that for an advance payment of interest the time of payment was extended by him without the consent of the surety.  This was contradicted by the plaintiff's testimony, and therefore the authority of Smith to represent Sherr·in receiving payments and in granting an extension of the time of payment became a material question in the case.  In an effort to show the agency of Smith some of his declarations and acts were received in evidence over the objection of the plaintiff.  Later the court struck out the declarations but declined to strike out the testimony of the acts of Smith or of the transactions which occurred between him and Boyd, the maker of the note.

It is contended that the acts, as well as the declarations of the agent, were incompetent, and that both should have been excluded.  It is well settled in this state that agency cannot be proved by the mere acts and declarations of the one assuming to act in that capacity.  In *Streeter v. Poor*, 4 Kan. 412, it was said :

"Neither the declarations nor acts of a man can be given in evidence to prove that he is the agent of an-

other ; where agency is a question at issue, it should be proved by other testimony."

The same question was before the court in *Leu v. Mayer*, 52 Kan. 419, 34 Pac. 969, where it was remarked :

"While the acts of the principal will sometimes estop him from denying the authority of an agent who oversteps the limitations imposed upon him, it is clear that the agency or authority cannot be proven by the unauthorized or unaccepted conduct of the alleged agent. In numerous cases it has been held that the fact of agency cannot be established by the declarations of the alleged agent, and testimony of his acts or conduct is of no greater value for that purpose. It has been said that the rule of law bearing on this question is, that neither the declarations of a man nor his acts can be given in evidence to prove that he is the agent of another."

Testimony of the acts of the agent may, of course, be admissible for other purposes after agency has been established, or the acts may be shown in connection with proof of a ratification of such acts by the principal ; but the court seems to have tried the case upon the theory that agency may be proved by testimony of the mere acts of the one assuming to act as agent. The court not only refused to strike out the testimony of the acts of Smith, but it gave the jury the unqualified charge that "agency may be shown and proved by the acts of the agent (not by his declarations), and it may also be shown by the declarations of the principal." For this error the judgment is reversed and a new trial awarded.

All the Justices concurring.