THE FOURTH NATIONAL BANK OF WICHITA v.
M. L. FROST.

No. 13,825.  (78 Pac. 825.)

SYLLABUS BY THE COURT.

1. AGENCY —*Proof.* Neither the acts nor the declarations of an agent can be shown to prove his agency.

2. PRACTICE, SUPREME COURT — *Ground of Reversal.* A judgment will not be reversed on the petition of a party to an action because a smaller judgment has been rendered against him than should have been under the evidence.

Error from Sedgwick district court; DAVID M. DALE, judge.   Opinion filed December 1, 1904.   Affirmed.

*Homes & Norcross*, and *Kos Harris*, for plaintiff in error.

*Stanley, Vermilion & Evans*, for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : Defendant in error was plaintiff below.   She alleged in her petition that she had deposited with the plaintiff in error the sum of $2475, and that the same had been credited to her account; that she had drawn out on various checks $1237.50 of the amount so deposited, and that the bank had refused to honor her checks for the balance, or to pay the same to her upon demand.   In its answer the bank admitted that the plaintiff had deposited with it the sum of money claimed by her, and that she had drawn out the half of it, and that it had refused payment of the balance to her upon her demand; and then, by way of excusing itself for such refusal, the bank pleaded that it had a right to retain such balance to apply upon the debts owing to it by one W. F. Green and his wife, Laura M. Green, and the Wichita Elevator Company, which company was composed of W. F. Green and W. W. Culver.

The right so to apply the funds deposited by the plaintiff, Frost, if such right existed, grew out of an arrangement made, not with Miss Frost personally, but with W. W. Culver, who was her brother-in-law. She denied that he had any authority, as her agent, to make any agreement for her relative to the disposition of the funds.

Admitting, as the bank did in its answer, that this

31—70 KAN.

money was deposited with it by Miss Frost, and that it had refused to pay the balance to her, the burden was upon the bank to justify its refusal.   In order to do so it must have proved not only the agreement made by Culver, but his agency for Miss Frost to make such agreement as to the disposition of her money. Much testimony was introduced by the defendant bank in its effort to make such proof.   Early in the introduction of evidence objection was made by Miss Frost's attorneys to the introduction of testimony relative to any agreement made by Culver about the application of the payment of her money to the liquidation of the debts of others until authority from her should be shown in him to make such agreement.   The court, however, permitted the evidence to proceed, assuring the attorneys for the bank that unless such evidence should be produced before the close of its testimony all evidence touching any agreement made by Culver would be stricken out.   At the close of the introduction of the bank's testimony, conceiving that no evidence tending to show any agency on the part of Culver from Miss Frost existed, the court did strike out all testimony tending to prove an agreement on the part of Culver.   This is the first error assigned.   The plaintiff in error insists that there was some evidence to prove such agency.

It seems that an agreement had been made between Green and Culver to go into the grain commission business in Wichita, and as preliminary thereto Culver was to procure his sister-in-law, Miss Frost, to erect an elevator.   Mrs. Green was to procure a site therefor.   Before the completion of the elevator Culver reported that Miss Frost was unable to go further because her money had run out.   A supplemental arrangement was then made by which Mrs. Green fur-

ished some money, and, perhaps, though not clearly shown, the Wichita Elevator Company, composed of Green and Culver, furnished some. After the elevator was completed it was insured in the sum of $4000, the loss, if any, payable to Miss Frost and Mrs. Green. The elevator was burned. The loss was adjusted by the insurance company, and the drafts in payment were made payable to Mrs. Green and Miss Frost. Two of these drafts, indorsed by Mr. Green as attorney in fact for his wife, and by Miss Frost in person, were carried to the bank by Culver and by him deposited to the credit of Miss Frost. This is the deposit in controversy. It clearly appears in the evidence that the elevator was the joint property of Mrs. Green and Miss Frost.

The evidence depended upon to establish Culver's agency for Miss Frost is that he made for her the agreement relative to the erection of the elevator; that he brought to the bank the drafts indorsed by her and made the deposit for her; that from his general conduct, and some specific statements, it appeared that these transactions were carried on in the name of Miss Frost for the purpose of covering up property really belonging to Culver, in order to keep it away from his creditors. We have given very careful attention to all the evidence, and we find therein no warrant for holding that there was shown any authority, either general or specific, by Culver to speak for Miss Frost. The fact that she furnished money through him for the erection of the elevator would nowise tend to show that he had authority from her to appropriate her money to the payment of the debts of others; nor would the fact that she committed to him these drafts for the purpose of their deposit in the bank to her credit be any evidence of such agency.

It is well settled that neither the acts nor the declarations of the agent can be shown to prove agency. (*Streeter v. Poor*, 4 Kan. 412 ; *Lewis v. Comm'rs of Bourbon Co.*, 12 id. 186 ; *Leu v. Mayer*, 52 id. 419, 34 Pac. 969 ; *Richards v. Newstifter*, *ante*, p. 350, 78 Pac. 824.)

Nor can the evidence which, it is said, looks to the conclusion that these funds in fact belonged to Culver, and not to Miss Frost, be considered, because the theory adopted by the parties, and admitted in the pleadings, was that the funds did belong to her, and that the bank's right to divert them was because of an agreement made by her through her agent, Culver. A different question might have arisen had the case been presented and tried upon the theory that the funds were not hers, but really belonged to Culver.

The court, after ruling out the evidence as to agreements made by Culver relative to the disposition of money deposited, directed the jury to return a verdict in favor of Miss Frost for the sum of $828.   This was upon the theory that the net proceeds of the insurance policies upon the elevator, $3975, belonged in equal amounts to Mrs. Green and Miss Frost—that is, $1987.50 to each ; and that, as Miss Frost had received on her checks upon the fund in the bank $1237.50,. she was entitled to receive $750 more, with the interest thereon, which made the $828 for which judgment was rendered.

The plaintiff in error strenuously insists that in directing this verdict the court erred, because the sum received by Mrs. Green on insurance was not involved in this suit and ought not to have been taken into consideration in any judgment rendered.   We are of the opinion that the court was in error in this matter ; that under the condition of the pleadings, Mrs. Green not being a party to the action, the court was not

authorized to make adjustments of the accounts between Miss Frost and Mrs. Green; and, upon striking out the evidence, as it did, a verdict should have been directed in favor of Miss Frost for the entire balance remaining to her credit in the bank.   If this be so, the judgment rendered was less in amount than Miss Frost was entitled to at the time; but this is an error of which the bank cannot complain.   It was not harmed by having a judgment rendered against it for a sum less than should have been rendered.

The judgment is affirmed.

All the Justices concurring.