# EX'RS OF TILLINGHAST v. JOHNSON, USE, &C.

1. When a garnishee is summoned to answer what he is indebted to the defendant in attachment, or what effects of his he has in hands, and appears and answers that a certain person deceased was indebted in a particular sum to the defendant, and that he is his executor—no judgment can be rendered against him in his character of executor, until he is summoned to answer in his representative capacity, as it is the levy on the debt in the hands of the garnishee which gives the court jurisdiction.

ERROR to the Circuit Court of Marengo.

This suit was commenced in the court below, by the defendant in error against Robert H. Dansby, on a promissory note, pending which, under the act of 1837, affidavit was made, and an ancillary attachment sued out, by which Mrs. M. A. Tillinghast was summoned as garnishee, to declare on oath what she was indebted to Robert H. Dansby. Subsequently, upon a suggestion that Mrs. Tillinghast had intermarried with John B. Hogan, a *scire facias* issued to make him a party to the garnishment. Hogan and wife appear and answer, denying any individual indebtedness, but admitting that Daniel H. Tillinghast, the testator of Mrs. Hogan, was indebted to one John Whitfield in a sum of money secured by two promissory notes, which they are informed are now the property of Dansby, upon which they admit to be due $2381 56, besides interest.

The record does not show that any judgment was entered upon this answer at the time at which it was made, but at the next term a judgment was entered *nunc pro tunc* against them as executors, to be levied, &c. ; from which they prosecute this writ.

Several causes of error were assigned : two only require to be noticed.

1. The garnishment was sued out against Mrs. Tillinghast individually, and the judgment is against her as executrix.

2. That the court erred in rendering judgment against executors on a garnishment.

STEWART, for plaintiff in error.
MANNING, contra.

ORMOND, J.—The question whether process of garnishment under our attachment law, can be sued out against executors or administrators, to condemn a debt due from the deceased to the defendant in attachment, although not directly adjudicated by this court, appears to have received its sanction. [See the case of Terry v. Lindsay, 3 S. & P. 317.] The garnishees in this case were summoned under the 10th section of the act of 1839, permitting ancillary attachments to be issued in aid of suits already commenced in the ordinary mode, and gives to the levy on the debt, in the hands of the garnishee, the same effect as when original attachments are sued out.

Conceding then that a judgment may be rendered against an executor or administrator, as such, when summoned as a garnishee, can such judgment be rendered upon his answer, admiting the indebtedness of his testator or intestate, when he has been summoned to appear in his individual capacity. The levy of an attachment on property is, by our attachment law, a substitute for, and is precisely equivalent to service of personal process, and such levy creates a *lien* on the property attached, whether it be a *chattel* seized by the sheriff, or a debt attached in the hands of the garnishee. [Carey v. Gregg, 3 Stewart, 433 ; Thompson v. Allen, 4 Stewart & Porter, 184.]

By operation of law then, the process of garnishment, when served on the garnishee, creates a *lien* on the effects of the defendant in attachment in the hands of the garnishee, and as this consequence flows from the execution of the process, it results necessarily, that the debt which is to be thus attached, must be described in the mode pointed out in the statute, which is an allegation under oath, that the garnishee is supposed to be indebted to, or to have effects of the defendant in his hands. It cannot, with any propriety be asserted, that the summons to the garnishees, in this case, to appear and answer what they are indebted to the defendant in attachment, created a *lien* on a debt which they did not owe, but were merely bound to pay, if sufficient assets came to their hands.

To test this matter, suppose that after the service of this garnishment, the garnishees had paid the debt due from their

testator to the defendant in attachment, would the summons have been notice so as to charge them ? It is very clear that it would not, because the service of the garnishment created no *lien* except on debts which they owed in their own right to the defendant, or on effects of his in their hands. The counsel for the defendant in error, however, supposes, that as the garnishees appeared and answered without objection, that their testator was indebted to the defendant, that no sensible object would be attained by issuing another summons against them in their representative character. This argument is plausible, but the answer to it is, that until the garnishees admitted themselves to be indebted, as alledged in the summons of garnishment, or until such indebtedness was found to exist, by the verdict of the jury, if denied by them, the court had no jurisdiction to render a judgment against them.

It may be that when summoned in their representative character, they may not be able to alledge any reason why a judgment should not be rendered for the debt, but that opportunity has not yet been afforded them, Their answer that their testator was indebted to the defendant, cannot be construed into an assent to the rendition of this judgment, because they were expressly required to answer, not only as to their own indebtedness to the defendant, but also, whether they knew of any other person who was, obviously in the latter case for the purpose of ulterior proceedings. If the answer had disclosed that a third person was indebted, no one would suppose that a judgment could be rendered without notice to the party to appear and contest it, and yet there is no sensible distinction between that case and the present. The admission that the testator was indebted, does not tend to prove that there are any assets in hand to discharge it, and yet the effect of this judgment is, that a return of no property found, would be evidence of a *devastavit*, so as to charge the garnishee personally.

We are, for these reasons, of opinion, that the judgment of the court below, against the garnishees, must be reversed.