MAYOR OF DETROIT, RELATOR v. WM. B. MORAN ET AL.

*Municipal corporations—Approval of resolutions passed by common council —Absence of mayor.*

The charter of Detroit provides that resolutions of the common council shall be presented by the city clerk to the mayor for approval, and that if they are not approved or vetoed before the next meeting of the council they shall take effect without his signature. *Held,* that the mayor has the full period between the presentation of the resolution by the clerk and the next regular meeting thereafter, in which to act; and that his powers are not affected by the action of the clerk in withholding the resolution until a regular meeting has intervened.

The charter of Detroit invests the president of the common council with the powers of the mayor in case the latter is unable to perform his duties by reason of absence from the city. *Held,* that advantage cannot be taken of his temporary absence to approve a resolution of the council if he is not disabled from returning in time to act upon it himself before the next regular meeting.

Quo warranto. Submitted April 15. Decided June 15.

*Otto Kirchner* for relator.

*Maybury & Conely* and *John D. Conely* for respondents. The legality of a Board of Park Commissioners was declared in *People v. Lothrop* 24 Mich. 235; *Park Commissioners v. Common Council* 28 Mich. 228.

MARSTON, C. J.   The charter of Detroit provides that certain resolutions, etc., of the common council before taking effect shall be presented by the clerk to the mayor, who, if he approves the same, shall write thereon his approval with the date thereof. If he does not approve, he shall return such resolution to the common council with his objections in writing, and if he neglects to approve or return the same

at the next regular meeting after it shall have been presented to him by the clerk, the same shall go into effect.

We are clearly of opinion that the mayor has until the first regular meeting of the common council, after the clerk has presented to him such a resolution, to approve or disapprove of the same.   The clerk by withholding the resolution over a regular meeting after its passage by the council cannot thereby deprive the mayor of his right or make it effective, nor does it matter what length of time may intervene between the date of its passage and presentation, and the next regular meeting.   The mayor has the full period in which to exercise the power conferred upon him.

In case of a vacancy in the office of mayor or of his being unable to perform the duties of his office by reason of sickness, absence from the city, or other cause, the president of the common council shall be acting mayor, vested with all the powers and authorized to perform all the duties of the mayor during such vacancy or the period of such inability. It is not claimed that there was a vacancy, but that the mayor was absent from the city, and therefore that the acting mayor had authority in the premises.

It appears that this resolution was passed by the common council on May 28th; that on the 29th day of May it was by the clerk presented to the president of the common council, who, as acting mayor, signed the same ; that on the afternoon of the same day the mayor, who was absent from the State on the 28th and forenoon of the 29th, returned and addressed a communication to the common council returning to them this resolution with his objections, and that the next regular meeting was held on June 4th.   It also appears that the clerk and president were both informed that the mayor would return to and be in Detroit on the afternoon of the 29th in time to act upon this resolution before the time for the next regular meeting.

Was this such an absence from the city as would authorize the president to approve of this resolution as acting mayor ? We are clearly of opinion that it was not.   It is not sufficient to justify the president in acting, that the mayor is

absent from the city. If it were his stepping beyond the corporate limits for never so short a period would confer upon the president power to act—a construction which would be so productive of mischief that it could not be supposed to have been so intended by the Legislature. It is only when the mayor is *unable to perform the duties of his office by reason of absence* from the city that the president can act. The absence in this case would not disable him from performing his duties, as he had until the next meeting of the council, and the president of the council could not anticipate a disability that did not in fact exist, and by a hasty approval of a resolution, deprive the mayor of his right to consider the same.

Under recent legislation we do not deem it proper to discuss some of the other questions raised, and as at present advised it will not be necessary to render any judgment in the case.

The other Justices concurred.