## L. E. BEAMER et al. v. E. WINTER & BRO.

GARNISHMENT — *Sale, Where* — *Void Sale.* Property of a debtor, in the possession of a garnishee, and delivered to a justice of the peace, in pursuance to an order made by the justice, must be advertised and sold in the township in which the justice of the peace resides and holds his office. A sale of such property made outside of the township in which the justice of the peace resides and holds his office, is void.

*Error from Greenwood District Court.*

THE opinion states the case. Judgment for the plaintiffs *Winter & Bro.*, at the May term, 1887. The defendants bring the case here.

*R. C. Summers*, for plaintiffs in error.

*W. S. Marlin*, for defendants in error.

Opinion by SIMPSON, C.: This action was commenced in the district court of Greenwood county on the 17th day of March, 1887, by E. Winter & Bro., a partnership composed of E. Winter and S. Winter, to recover on a certain promissory note, executed on the 12th day of November, 1885, for $300, payable to the order of Z. S. Welborn, twelve months after the date thereof, with interest at the rate of 7 per cent. per annum from date until paid, and attorney's fees, signed by L. E. Beamer and L. O. Beamer. This note was secured by a mortgage on real estate in the city of Eureka. It was alleged that Winter & Bro. are the owners and holders of said note for a valuable consideration, and that the same is due and unpaid; that O. Colburn has and holds a first and prior mortgage on said real estate; that J. H. Lampe purchased said real estate since the execution of the mortgage made to secure the note sued upon, but took the same subject to the mortgage of the plaintiffs, and assumed and became responsible for its payment; that one Louis G. Porter claims to have some interest in said real estate, unknown to the pleader, and prays judgment against L. E. and L. O. Beamer and J. H. Lampe, for

the amount of the note, interest, and costs, and for a foreclosure of the mortgage.

The defendants, L. E. and L. O. Beamer, answer, claiming a payment on the note of $21 to the plaintiffs on the —— day of November, 1886, by Porter. A. W. Hart and James Enterkine became parties defendant on their own application, and were substituted for Lampe and Porter, and filed their answer, claiming to be the owners, both legally and equitably, of said real estate, and that no other persons have any interest therein, except the defendant Colburn, and the mortgagee, Z. S. Welborn; that the plaintiffs are not the owners and holders of said note, and have no interest in the same; that the said note and mortgage are the property of the payee named in said note. The plaintiffs replied, denying this answer. At the trial, the plaintiffs admitted that they had received one year's interest on said note, amounting to $21.

The important question in this case arises on this state of facts: Mrs. Z. S. Welborn, the payee of the note sued upon, being indebted, and having removed from the county, left the note with Ira P. Nye, with instructions to sell the note and mortgage and remit her the proceeds. Actions having been commenced before a justice of the peace by creditors of Mrs. Welborn, a process of garnishment was served on Nye, who answered, admitting possession of the note and mortgage; and by order of the court they were delivered up and sold at public sale as the property of Mrs. Welborn. The plaintiffs below purchased the note and mortgage at a constable's sale. The justice who issued the writ of garnishment lived in the township, and had his place of business in the city. He stated that most of the time he kept one or more of his dockets in the city; that at the time the action of Evans v. Welborn was commenced, the papers were issued and the judgment rendered at his house. Mr. Nye swore to his answer in garnishment in the city, but he delivered the note and mortgage to the justice on the street. Mr. Evans was sworn to his bill of particulars at his office in the city. The evidence amounts to this: the papers were issued and the judgment rendered in the township;

the bill of particulars was sworn to, and also the·answer of the garnishee, in the city. The order of sale of the note and mortgage was directed to and delivered to a constable of the township, but the sale took place in the city. The return of sale was made and the proceeds of sale paid by the purchaser in the township. It is now claimed by the plaintiffs in error, that by reason of these certain acts having been performed by the justice of the peace outside of the limits of the township in which he was elected, the judgment and proceedings in the case in which Nye was garnished, and the note delivered and sold, were without authority of law, and a nullity. It is insisted that this case is to be controlled by the decisions of this court in the cases of *Phillips v. Thralls*, 26 Kas. 780; and *Wilcox v. Johnson*, 34 id. 655; *Rld. Co. v. Rice*, 36 id. 593.

The notice of sale posted by the constable of Eureka township fixed the place of sale within the limits of the city of Eureka, and the sale actually took place at or near the Eureka bank, within the city. This renders the sale void, as the note and mortgage passed into the custody of the law in the township of Eureka, and the sale ought to have taken place in the township. (Comp. Laws of 1885, ch. 81, §§ 47, 146.)

This court has very recently said in the case of *Paulsen v. Hall*, 39 Kas. 365: "The law requires that all property sold under process issued by a justice of the peace shall be advertised and sold in the township where it is seized;" and if sold in a township other than that in which it was seized, the sale is void.

This note and mortgage were delivered to Esq. Griffith, as a justice of the peace of the township of Eureka; therefore the seizure was in the township, and not in the city. If the seizure of the officer must be a manual one, then the constable took possession of the note and mortgage in the township. As they were delivered to him and ordered sold by the justice of the peace in the township, we think, the sale being void, that the defendants in error had no title to the note and mortgage, and hence the judgment must be reversed. It is there-

fore recommended that the judgment be reversed, and the cause remanded for further proceedings.

By the Court: It is so ordered.

All the Justices concurring.