.L. E. BEAMER *et al.* v. E. WINTER *et al.*

1. 'GARNISHMENT—*Seizure by Notice.* Garnishment is attachment in
the hands of a third person, and thereby is a species of seizure by
notice.

2. ————— *Extent of·Liability.* The garnishee is liable to the plaintiff
in attachment for all personal property in his hands, from the time
he is served with the notice of garnishment as prescribed ·in § 37,
ch. 81, Comp. Laws of 1885.

.3. GARNISHMENT—*Property Seized, Where Sold.* As the law requires that
all personal property sold under any process issued by a justice of the
peace shall be sold in the township where it is seized, personal prop-
·erty delivered into court by a garnishee, under the order of a justice
·of the peace, must be sold in the township where the notice is served
upon the garnishee, as the property is constructively seized where
the notice is served.

*Motion for Rehearing.*

THE defendants in error filed a motion for a rehearing,
·which the court decided at its session in July, 1889, and then
filed the opinion, *infra.* The material facts are stated in
*Beamer v. Winter*, ante, p. 297, and in the opinion herein.

*W. S. Marlin*, for the motion.

*R. C. Summers*, contra.

The opinion of the court was delivered by

HORTON, C. J.: Upon the motion for a rehearing the propo-
sition is forcibly presented that the note of November 12,
1885, executed by L. E. and L. O. Beamer . to Mrs. Z. S.

Welborn, was seized in the hands of Ira P. Nye, the garnishee, in the city of Eureka. The claim is that the garnishee summons was served in the city of Eureka, and thereby that there was a constructive attachment of the note in his hands. It appears from the evidence that Ira P. Nye received the note from Mrs. Welborn, with instruction to sell it for her. Nye delivered the note, which was secured by a mortgage, to the justice in Eureka city, and was present when the note was sold by the constable. He made no objections to the sale. E. Winter & Bro. bought the note at the constable sale, and subsequently obtained judgment thereon and a foreclosure of the mortgage. This is the judgment contested.

In the briefs originally filed and in the former opinion handed down by this court, the question whether the service of the garnishee summons in Eureka city was an attachment or a seizure of the note in that city was not fully discussed. Upon a reëxamination of the record and the controlling authorities, we are of the opinion that the effect of the garnishment was to place the personal property of the debtor in the garnishee's hands, in the custody of the law, from the date of the service of the notice or summons. The service of the garnishee notice or summons is a constructive attachment or seizure.

"It is a species of seizure by notice, made by order of court, at the instigation of the plaintiff, to facilitate the execution of any judgment that may be rendered against the defendant by securing and preserving such property and credits of the defendant as are liable to execution. It is not such a seizure as to make the serving officer the custodian of that which is seized, but rather such as to make the defendant's debtor or his property-holding agent the keeper of the thing arrested in his hands. It is the process by which the third person thus indebted or intrusted is brought into court and made subject to the decree to be rendered, though not strictly made a party to the suit." (Waples on Attachment, 341; Drake on Attachment, § 251; *Reed v. Fletcher*, 39 N. W. Rep. 437.)

The procedure in civil cases before justices of the peace, provides:

"If the garnishee do not appear and answer, as required

by section thirty-nine, the justice may proceed against him by attachment, as for a contempt." (Sec. 41.)

"If the garnishee appear and answer, and it is discovered on his examination that at or after the service of the order of attachment and notice upon him, he was possessed of any property of the defendant, or was indebted to him, the justice may order the delivery of such property, and the payment of the amount owing by the garnishee into court, or may permit the garnishee to retain the property or the amount owing, upon the execution of an undertaking to the plaintiff, by one or more sufficient sureties, to the effect that the amount shall be paid or the property forthcoming, as the court may direct." (Sec. 42.)

It appears from § 47 of procedure in civil cases before justices of the peace, that —

"All personal property which has come into the officer's hands, by virtue of attachment or garnishment proceedings, is to be sold under the same restrictions and regulations as if the same had been levied on by execution; and evidently all moneys obtained by virtue of attachment or garnishment should be applied in the same manner, as far as possible, as though they had been obtained by virtue of an execution. The section, however, does not expressly state this, but we think it means this by fair implication. Neither an attachment process nor a garnishment process issued before judgment is a final process. They are only processes issued at the beginning or during the pendency of the case, to aid in satisfying the final process, which is ordinarily the execution. It is always the execution or an order of the court, which answers the purpose, and is in substance the execution. These original or mesne processes are resorted to only for the purpose of obtaining something which can be made available by means of the final process, which is the execution. They are simply forerunners of the execution, and something to aid and assist the execution, and inferentially can go no further in seizing property than the execution can go." (*Seymour v. Cooper*, 26 Kas. 539; Laws of 1885, ch. 81, § 51.)

Section 146, of procedure in civil cases before justices of the peace, reads:

"All property taken in execution, under the provisions of this act shall be advertised for sale at four of the most public places in the township where such property was seized, at

least ten days previous to the time appointed for such sale, which sale shall be held between the hours of ten o'clock A. M. and four o'clock P. M., at the house or on the premises where such property was taken, or at one of the most public places within the township." (*Paulsen v. Hall*, 39 Kas. 365.)

As the law requires that personal property sold under process issued by justices of the peace must be sold in the township where it is seized, and as the garnishment summons was served in Eureka city, and the note thereby seized in that city, it was properly sold in that city. Winter & Bro. obtained a good title at the sale, and were the owners of the note and mortgage at the time of the commencement of their action, and at the rendition of the judgment. If there had been no seizure by the garnishment process, and the note and mortgage had merely been delivered to the justice of the peace in Eureka city, there would have been no seizure of the note in the city. In the absence of the service of the garnishment summons, the seizure by the officer must be manual, and in this view of the case the original opinion was correctly written; but, considering the service of the attachment summons as the seizure, the note was actually seized in the city where it was sold.

It is said that the order of sale was issued February 1, 1886, and the sale made February 9, therefore that the notice of the sale was not sufficient. If this were true, it would be an irregularity only, and Mrs. Welborn is not contesting the judgment, or sale. Her agent, Mr. Nye, was present at the sale, had notice thereof, and made no objections whatever.

The order heretofore entered in this court will be corrected, and the judgment of the district court will be affirmed.

All the Justices concurring.