The State ex rel. Emberson vs. Byrne.

THE STATE EX REL. EMBERSON, Appellant, vs. BYRNE, Respondent.

*November 18 — December 10. 1897.*

*Municipal corporations: Powers of acting mayor: When term of office commences: Custom.*

1. Under sec. 3, subch. III, of the charter of the city of La Crosse (ch. 162, Laws of 1887), and sec. 4, subch. II, of the same act, the mayor of the city can perform no official duty while absent from the city. Consequently the appointment of a board of police and fire commissioners by virtue of ch. 247, Laws of 1897, is void, if made by him while so absent.

2. The president of the common council being authorized to execute all the powers and perform all the duties of the mayor during

that official's absence from the city, the appointment by him of a board of police and fire commissioners, when acting mayor in such a case, was legal and valid.

3. It being the uniform custom in this state for old officers to go out of, and newly elected officers to come into, office at noon of the day appointed by law for the term to commence, *held*, that such custom contravenes no statute and has the force of law.

APPEAL from a judgment of the circuit court for La Crosse county: O. B. WYMAN, Circuit Judge. *Affirmed.*

The case is stated in the opinion.

For the appellant there was a brief by *A. E. Bleekman* and *Ray S. Reid*, and oral argument by *A. E. Bleekman* and *F. H. Bloomingdale*. They argued, among other things, that the mayor is, by the charter of La Crosse, the head of the police and the chief executive officer. Under ch. 247, Laws of 1897, in a city of this class, the mayor has the sole power to appoint the board of police and fire commissioners. An appointment by the mayor in office when that act took effect must be presumed to be regular and legal and not in excess of his authority. Tiedeman, Mun. Corp. § 77; *People ex rel. Atty. Gen. v. Clingan*, 5 Cal. 389; *State ex rel. Reeves v. Ferguson*, 31 N. J. Law, 107, 119; Throop, Pub. Off. 558; *Mandeville v. Reynolds*, 68 N. Y. 528, 535. The question how the mayor exercised his discretion in making this appointment cannot be raised in the court. *Marbury v. Madison*, 1 Cranch, 137, 170, 171; *Oswego Falls Bridge Co. v. Fish*, 1 Barb. Ch. 547; *State ex rel. Kennedy v. Mc-Garry*, 21 Wis. 496, 497. The acts of officers *de facto*, while in office, are valid as to the public and third persons, and cannot be inquired into collaterally. *State ex rel. Knowlton v. Williams*, 5 Wis. 308, 313; *Lask v. U. S.* 1 Pin. 77, 80; *Tolle v. Stone*, id. 230, 232, 233; *In re Boyle*, 9 Wis. 264; *Dean v. Gleason*, 16 id. 1, 18; *State v. Bloom*, 17 id. 521; *State ex rel. Wood v. Goldstucker*, 40 id. 124, 129; *Chicago & N. W. R. Co. v. Langlade Co.* 56 id. 614, 625, 629; *Cole v.*

*Black River Falls*, 57 id. 110; *In re Radl*, 86 id. 645; *Bedford v. Rice*, 58 N. H. 446; *People ex rel. Bush v. Collins*, 7 Johns. 549; *People v. White*, 24 Wend. 520, 525; *Cocke v. Halsey*, 16 Pet. 71, 85; *Bucknam v. Ruggles*, 15 Mass. 180. Appointments by *de facto* officers are held good.    *State ex rel. Whitbeck v. Alling*, 12 Ohio, 16; *State ex rel. Newman v. Jacobs*, 17 id. 143; *People ex rel. Norfleet v. Staton*, 73 N. C. 546; *Mallett v. Uncle Sam G. & S. M. Co.* 1 Nev. 188; *People ex rel. Hodgkinson v. Stevens*, 5 Hill, 616, 630; *In re Burke*, 76 Wis. 357.    The powers of the president of the council under the charter are merely those of a temporary, emergency officer, to do in place of the mayor things to be done at a particular time when the mayor is unable to do them.    Only such an absence from the city as will render the mayor unable to perform his duties is intended to give the president power to act.    *Mayor of Detroit v. Moran*, 46 Mich. 213; *People ex rel. Wood v. Lacombe*, 99 N. Y. 43. At the time the appointment was made by the president, he was not a city officer, his term having expired at midnight previous thereto.    Custom cannot change the law as to the time of taking office.    Throop, Pub. Off. sec. 322; *Vogel v. State ex rel. Laud*, 8 N. E. Rep. 164; *State v. Mounts*, 15 L. R. A. 243, 248; *State ex rel. Warden v. Knight*, 82 Wis. 151, 159.

For the respondent there was a brief by *Higbee & Bunge*, and oral argument by *E. C. Higbee*.

CASSODAY, C. J.    This is an action of *quo warranto*, brought by the relator, to oust the defendant from the possession of the office of chief of police in La Crosse, on the ground that the relator is rightfully entitled to the office.    Issue being joined and trial had, the court found in favor of the defendant; and, from the judgment entered thereon, the relator brings this appeal.

It appears from the record, and is found by the court or

admitted, that April 17, 1897, D. Frank Powell was mayor of La Crosse, having been elected in April, 1895, and continued to be such until April 20, 1897, when his term of office expired; that J. B. Murray was an alderman and president of the common council, having been elected such president October 11, 1896, and continued to be such until April 20, 1897, when his term of office expired; that the defendant, *Hugh H. Byrne*, was chief of police and had been for several years, and that his term of office was not to expire until October, 1897; that ch. 247, Laws of 1897, was published and went into effect April 17, 1897; that in and by that act it was, in effect, provided that in all cities of the second and third classes there shall be a board of police and fire commissioners, consisting of four citizens, not more than two of whom shall belong to the same political party when appointed, to be appointed by the mayor before the first Monday of May, 1897; that thereafter no person should be appointed to any position, either on the police force or in the fire department in any such city, except with the approval of such board; that, as soon as possible after the first members of the board shall enter upon their office, they shall prepare and adopt such rules and regulations to govern the selection and appointment of persons to be thereafter employed in either the police or fire department of the city as, in their judgment, should be adapted to secure the best service for the public in each department; that in April, 1897, James McCord was duly elected mayor of the city, and qualified as such, and at noon April 20, 1897, entered upon and took possession of his office as such mayor; that April 11, 1897, said Powell departed from La Crosse, and went to his office in St. Paul, Minnesota, and at no time returned to La Crosse, nor to this state, until after April 21, 1897, and during all that time he was continuously absent from the state of Wisconsin; that April 19, 1897, Powell, at his office in St. Paul, made an appointment in writing, appointing

George E. Powell, William R. Finch, David H. Palmer, and F. R. Hickish the fire and police commissioners in and for the city pursuant to ch. 247; that April 20, 1897, the persons so appointed filed their oaths of office, and thereafter assumed to act as such commissioners; that April 20, 1897, at 10 o'clock a. m. of that day, said James B. Murray, as president of the council and acting mayor of the city, and while presiding over the last meeting of the old council, appointed in writing, and announced to the council then in session the appointment of, Joseph W. Losey, James J. Hogan, I. H. Moulton, and John Dengler as police and fire commissioners in and for the city, pursuant to ch. 247, and then and there filed such appointment in writing; that April 22, 1897, the persons so appointed by Murray duly filed their oaths of office, as required by the charter; that April 27, 1897, McCord, as mayor, appointed four other persons as such commissioners; that April 28, 1897, the persons appointed by McCord duly filed their oaths of office; that each of the three boards so appointed had duly adopted rules and regulations as required by ch. 247; that May 3, 1897, the board appointed by Murray organized as such board, and thereafter and ever since have assumed to act and be such board; that May 3, 1897, the persons so appointed by McCord organized as a board, and ever since have assumed to act as such; that May 25, 1897, the persons so appointed by Powell appointed the relator as chief of police in and for the city; that May 26, 1897, the relator filed his oath of office, and gave the requisite bond, and demanded the possession of the office from the defendant, who refused to deliver such possession to the relator; that June 14, 1897, the board so appointed by Murray filed a written appointment of the defendant as chief of police of the city; that the defendant thereupon filed his oath of office as chief of police of the city, and duly made, executed, and filed the requisite bond.

The charter required every new common council, at their

first meeting, to elect one of their number president, and further provided, in effect, that, in the absence of the mayor, the president should preside over the meetings of the common council, and, during the absence of the mayor from the city or his inability from any cause to discharge the duties of his office, the president should execute all the powers and discharge all the duties of the mayor; and that in the case of any vacancy in the office of mayor, if no new election should be ordered, the duties of the mayor should be performed until the end of the term, as therein provided in case of the absence of the mayor or his inability to act. Sec. 3, subch. III, ch. 162, Laws of 1887, and sec. 4, subch. II, of the same act. It is clearly implied from such language that the mayor shall perform no official duty as mayor while absent from the city; certainly not while absent from the state. This seems to be abundantly supported by authority. *Wilcox v. Johnson*, 34 Kan. 655; *Atchison, T. & S. F. R. Co. v. Rice*, 36 Kan. 593; *Beamer v. Winter*, 41 Kan. 297; *Share v. Anderson*, 7 Serg. & R. 43; *S. C.* 10 Am. Dec. 421; *Brown v. McCormick*, 28 Mich. 215; *People v. Burt*, 51 Mich. 199. The mayor was absent from the state at the time ch. 247 went into effect, and continued absent until after his term of office had expired. This being so, there can be no question but that Murray, as the president of the common council and acting mayor, had authority to appoint the board of commissioners as and when he did. *O'Mally v. McGinn*, 53 Wis. 353.

The term of office of the new mayor (McCord) and the new common council "commenced on" April 20, 1897. Laws of 1887, ch. 162, subch. II, sec. 2. The terms of our state officers commence on the first Monday in January next succeeding their election. S. & B. Ann. Stats. sec. 128. Under that statute it has been the uniform custom for the old officers to go out, and the new officers to come in, at noon of that day. The same custom prevails under similar federal

statutes. R. S. of U. S. sec. 152. Such custom contravenes no statute, and has the force of law. *State ex rel. Hudd v. Timme,* 54 Wis. 340; *Wright v. Forrestal,* 65 Wis. 341. It follows that McCord and the new common council did not go into office until noon of April 20, 1897. At that time the board of commissioners had been legally appointed by Murray, as president of the common council and acting mayor, in the absence of Mayor Powell from the state. It follows that the attempt to appoint such board of commissioners by Mayor Powell while in Minnesota was a nullity. It also follows that, prior to the time when Mayor McCord and the new common council came into office, the board had been legally appointed; and hence the attempt to appoint another board by McCord was ineffectual. Manifestly, the relator is not entitled to the office of chief of police as against the defendant.

*By the Court.*— The judgment of the circuit court is affirmed.