## BERRY - BEALL DRY GOODS CO. v. ADAMS.

No. 12612—Opinion Filed Nov. 28, 1922.

(Syllabus.)

1. **Appeal and Error—Time to Appeal—Orders Discharging or Modifying Attachment or Temporary Injunction.**

Under section 5266, Revised Laws of Oklahoma, 1910, a person desiring to appeal from an order of the trial court discharging or modifying an attachment or a temporary injunction must file his petition in error in the Supreme Court within 30 days from the date on which the order was made discharging or modifying said attachment or injunction. If such appeal is not lodged in this court within said 30 days, this court acquires no jurisdiction to entertain such appeal or hear or determine the same.

2. **Garnishment—Nature of Writ—Custodia Legis.**

Under the law of Oklahoma, "garnishment" is an attachment of the property, goods, chattels, credits and effects belonging to the defendant or judgment debtor, as the case may be, in the hands of a third person. From the time of the service of the garnishment summons on the garnishee such property, goods, chattels, credits, and effects, in the hands of the garnishee at the time of the service thereof, are in custodia legis.

3. **Appeal and Error—Time to Appeal—Order Discharging Garnishee.**

A garnishment proceeding under the statutes of Oklahoma is so effectually an attachment that it is included within the term attachment. An order made by the trial court discharging a garnishee is an order discharging an attachment under said section 5266, supra, and an appeal therefrom must be lodged in the Supreme Court within 30 days from the making thereof, in order to confer jurisdiction upon this court to hear and determine the same.

**4. Same — Dismissal — Liability on Supersedeas Bond.**

Where the plaintiff, in the court below, appeals to this court from an order discharging a garnishee, and the cause has not been tried on its merits, nor any money judgment rendered against the plaintiff, and such appeal is dismissed by this court, the defendant is not entitled to a judgment on the supersedeas bond, for there is no money judgment to affirm, and the amount of his damages, if any, has not yet been determined.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by the Berry-Beall Dry Goods Company, a corporation, against F. E. Adams to recover a money judgment on an account. Garnishment proceedings were instituted, and on motion of defendant, the garnishees were by order of court discharged. Plaintiff appeals. Appeal dismissed.

A. C. Markley, for plaintiff in error.

Counts & Counts, for defendant in error.

MILLER, J. This action was commenced in the district court of Pittsburg county by Berry-Beall Dry Goods Company, a corporation, plaintiff, against F. E. Adams, defendant, to recover approximately $1,500 claimed by plaintiff to be due from defendant on account.

On February 26, 1921, being the same day on which the petition was filed in said court, the plaintiff caused a garnishment summons to be issued and served on the Springfield Fire Insurance Company, Citizens Fire Insurance Company, and the National Fire Insurance Company as garnishees.

Thereafter the garnishees filed their answers, and thereupon the defendant, F. E. Adams, filed a motion to discharge the garnishment proceeding. Several grounds are relied upon by the defendant as shown in his motion to discharge, but it will not be necessary to set them out or even refer to them.

This motion came on for hearing on March 26, 1921, and on said day was by the court sustained. The plaintiff saved all necessary exceptions and, in open court, gave notice of its intention to appeal to the Supreme Court of this state from the ruling and order of the court sustaining the motion and discharging the garnishee. It asked and was granted 90 days in which to make and serve a case-made. Thereafter the case-made was served, settled, and signed, and on September 3, 1921, the petition in error, with case-made attached, was filed in this court.

The plaintiff below appears here as plaintiff in error and the defendant below appears here as defendant in error. For convenience the parties will be referred to as they appeared in the lower court.

The defendant on October 4, 1922, filed a motion to dismiss the petition in error and for judgment on the supersedeas bond. The ground relied on in said motion to dismiss is that the order discharging the garnishee was made and entered on March 26, 1921, and the petition in error was not filed in this court until September 3, 1921. That under section 5266, Revised Laws of Oklahoma, 1910, an appeal from an order discharging a garnishee must be lodged in the Supreme Court within 30 days from the date of the order. Said section reads as follows:

"When an order, discharging or modifying an attachment or a temporary injunction, shall be made in any case, and the party who obtained such attachment or injunction shall except to such order, for the purpose of having the same reviewed in the Supreme Court upon petition in error, the court or judge granting said order shall, upon application of the proper party, fix the time, not exceeding 30 days from the discharge or modification of said attachment or injunction, within which such petition in error shall be filed; and during such time the execution of said order shall be suspended, and until the decision of the case upon the petition in error, if the same shall be filed; and the undertaking, given upon the allowance of the attachment, shall be and remain in force until the order of discharge shall take effect. If such petition in error shall not be filed within the time limited, the order of discharge shall become operative and be carried into effect; and the certificate of the clerk of the Supreme Court that such petition is or is not filed, shall be evidence thereof."

On October 14, 1922, the plaintiff filed a response. It contends that this is a garnishment and said section 5266, supra, specifies attachment and makes no reference to garnishments, therefore said section does not apply. It further contends that this is not a garnishment in an attachment proceeding. That no grounds for attachment are pleaded and no attachment was issued.

We do not agree with these contentions. A garnishment is not only a species of attachment, but is in effect an attachment. The primary purpose and object of attachment is to bring certain property under the jurisdiction of the court and subject it to the court's orders. In other words, to place the property in custodia legis. When an

officer attaches goods and chattels; he frequently places them in charge of and under the control of some third person to safely keep and protect, subject to the further orders of the court. When the officer levies upon such goods and chattels, they are immediately placed in custodia legis and so remain notwithstanding the attaching officer may deliver said goods and chattels to some third person who holds them as trustee.

Garnishment is an attachment of goods, chattels, credits, and effects that are already in the hands of some third person, but belonging to or owing to the defendant or judgment debtor, as the case may be. When the officer serves the garnishment process on the garnishee, the goods, chattels, credits, and effects belonging to the defendant or judgment debtor, in the hands of such garnishee, are immediately placed in custodia legis. This constitutes an attachment of the goods, chattels, credits, and effects belonging to the defendant or to the extent of his interest therein to the same extent as though the officer had taken actual possession and exercised exclusive authority and control over the same. But the officer serving the garnishment process would not have a right to demand that either the goods or money be forthwith delivered to him, because the garnishee may have some right to the possession of the goods or interest therein, or the debt may not yet be due, and the plaintiff or attaching creditor cannot obtain any greater rights or interest than the defendant has. The attachment lien only fastens upon said attached property to the extent of defendant's ownership, rights, or interest therein. The service of the garnishment process suspends the defendant's right to demand possession of the property or payment of the debt. This right is thereby transferred to the court from whence the garnishment process issued, and the garnishee thereafter holds the property subject to the orders of the court. It is therefore in custodia legis. But the court should not make any order that changes, lessens, or affects the rights, interest, or time of payment of the garnishee. It is the duty of the court to protect and enforce all of the rights of the garnishee, but the property remains in his hands as trustee and subject to whatever right or interest he may have therein.

In Barton et al. v. Spencer et al., 3 Okla. 270, 41 Pac. 605, the syllabus reads:

"Where service of process in garnishment is had, the property found in the possession of the garnishee is in custodia legis, and no rights can be obtained in such property by subsequent attaching creditors, as against a creditor causing the garnishment summons to issue."

In Beamer et al. v. Winter et al., 41 Kan. 596, paragraphs 1 and 2 of the syllabus read:

"(1) Garnishment is attachment in the hands of a third person, and thereby is a species of seizure by notice.

"(2) The garnishee is liable to the plaintiff in attachment for all personal property in his hands, from the time he is served with the notice of garnishment as prescribed in para. 37, ch. 81. Comp. Laws of 1885."

In the body of the opinion Horton, C. J., speaking for the court, said:

"In the briefs originally filed and in the former opinion handed down by this court, the question whether the service of the garnishee summons in Eureka city was an attachment or a seizure of the note in that city was not fully discussed. Upon a reexamination of the record and the controlling authorities, we are of the opinion that the effect of the garnishment was to place the personal property of the debtor in the garnishee's hands, in the custody of the law, from the date of the service of the notice or summons. The service of the garnishee notice or summons is a constructive attachment or seizure."

In 12 R. C. L. 775, it is said:

"Garnishment has very properly been defined as an attachment by means of which money or property of a debtor in the hands of third parties, which cannot be levied upon, may be subjected to the payment of the creditor's claim. However, it is attachment of property in the possession of a third person, and not of property in the possession of the debtor."

In 20 Cyc. 1060, the rule is stated:

"By the service and writ of garnishment, property of the principal defendant in the hands of the garnishee is placed practically in custodia legis, and the garnishee becomes the custodian of the property and entitled to hold it not only against defendant and those claiming under him, but even against the real owner of such property who is a stranger to the suit."

In Bouvier's Law Dictionary, an "attachment" is defined as:

"Taking into the custody of the law the person or property of one already before the court, or of one whom it is sought to bring before it. * * *"

The same author defines "garnishment" in part as follows:

"A warning to any one for his appearance, in a cause in which he is not a party, for the information of the court and explaining a cause. Cowell.'

"Now generally used of the process of attaching money or goods due a defendant in the hands of a third party. The person in whose hands such effects are attached is the garnishee, because he is garnished,· or warned, not to deliver them to the defendant. but to answer the plaintiff's suit. The use of the form 'garnishee' as a verb is a prevalent corruption in this country.

"It is attachment in the hands of a third person, and so is a species of seizure by notice: Beamer v. Winter, 41 Kan. 297, 21 Pac. 251; Id., 41 Kan. 596, 21 Pac. 1078.

"For example, when a · writ of attachment issues against a debtor, in order to secure to the plaintiff a claim due by a third person to such debtor, it is served on such third person, which notice or service is a garnishment, and· he is called the garnishee.

"There are garnishees also in the action of detinue. They are persons· against whom process is awarded, at the prayer of the defendant. to warn them to come in and interplead with the plaintiff; but in detinue, the defendant cannot have a sci. fa. to garnish a third person unless he confess the possession of the chattel or thing demanded. And when the garnishee comes in. he cannot vary or depart from the allegation of the defendant in his prayer of garnishment. The plaintiff does not declare de novo against the garnishee; but the garnishee, if he appears in due time, may have oyer of the original declaration to which he pleads.

"See Brooks Abr. Detinue.

"The process of garnishment is directly founded upon the writ of attachment as by custom of London, as to the history and character of which see 'Attachment.'

"This writ reached the effects of the defendant in the hands of third persons. Its effect is simply to arrest the payment of a debt due the defendant, to him. and to compel its payment to the plaintiff, or else to reach personal property in the hands of a third person. It is known in England and in most of the states of the United States as garnishment, or the garnishee process; but in some, as the trustee process and factorizing. with the same characteristics. As affects the garnishees, it is in reality a suit by the defendant in the plaintiff's name; Moore v. Stainton, 22 Ala. 831; Tunstall v.· Worthington, Hempst. 662, Fed. Cas. No. 14,239.

"Garnishment is an effectual attachment of the defendant's effects in the garnishee's hands; Kennedy v. Brent, 6 Cra. (U. S.) 187, 3 L. Ed. 194; Blaisdell v. Ladd, 14 N. H. 129; Tillinghast's Ex'rs v. Johnson, 5 Ala. 514; Bryan v. Lashley, 13 Smedes & M. (Miss.) 284; Hacker v. Stevens, 4 McLean, 535, Fed. Cas. No. 5,887; Beamer v. Winter, 41 Kan. 297, 21 Pac. 251; Id., 41 Kan. 596, 21 Pac. 1078."

Bouvier defines the "garnishee" as follows:

"A person who has money or property in his possession belonging to a defendant, which money or property has been attached in ·his hands, with notice to him of such attachment; he is so called because he has had warning or notice of the attachment.

"From the time of the notice of the attachment, the garnishee is bound to keep the money or property in his hands, to answer the plaintiff's claim, until the attachment is dissolved or he is otherwise discharged. See Serg. Att. 88; Wade, Att. 331; Drake, Att; Comyns., Dig. Attachment, E."

'Webster's New International Dictionary defines "garnishee" as follows:

"To attach (the fund or ·property sought to be secured by garnishment).''

It also defines "garnishment" as follows:

"Warning or legal notice, to one to appear in court on some matter; specif.: a. A notice summoning a third party to appear in a suit. b. Warning to a person in whose hands the effects of another are attached, not to pay the money or deliver the goods to the defendant, but to appear in court and answer to the suit of the plaintiff to the extent of his liability to the defendant; also, the proceeding so begun by service of this warning. Garnishment is distinguished from the usual form of attachment in that the property attached is not seized."

In the case of First Nat. Bank of Hobart v. Spink et al., 21 Okla. 468, 97 Pac. 1019, Williams, C. J., dismissed the petition in error because it was not filed within 30 days after the district judge made the order dissolving the garnishment. The syllabus reads as follows:

"(1) When an order discharging or dissolving a garnishment is made (section 4759, Wilson's Rev. & Ann. St. 1903)', the party who obtained such garnishment having excepted to such order for the purpose of having the same reviewed in the Supreme Court upon petition in error, the court or judge granting said order shall. upon application of the proper party, fix the time, not exceeding 30 days from the discharge or dissolution of said garnishment, within which such petition in error shall be filed with the clerk of the Supreme Court.

"(2) A petition in error, for the purpose of reviewing an order of the district judge made in chambers, dissolving a garnishment, will be dismissed, where it is filed

with the clerk of the Supreme Court more than 30 days after the making of such order."

In this opinion the court did not discuss the question of whether or not the garnishment was an attachment. We believe that is elementary, and the court undoubtedly so considered it. It is clear that the court proceeded on the theory that a garnishment is included within an attachment limiting the time for appeal as provided for in section 5266, supra, this being the same as section 4759, Wilson's Revised and Annotated Statutes of 1903, referred to in the syllabus above quoted.

The defendant next asks that judgment be entered on the supersedeas bond for $1,650 and costs. The defendant is not entitled to a judgment in this court on the supersedeas bond. It is only where a judgment has been rendered in the lower court and is affirmed, either in whole or in part, by this court that the defendant in error is entitled to judgment on the supersedeas bond. $1,650 may, or may not, be the amount of defendant's damage, but whatever defendant's damage may be, if any, is a matter to be determined in the trial court upon competent evidence and satisfactory proof. As to the amount of the damage, either of the parties would be entitled to a trial by jury. For these reasons, that part of defendant's motion for judgment on the supersedeas bond must be overruled and denied.

The motion to dismiss the appeal is sustained and the appeal dismissed.

HARRISON, C. J., and KANE, JOHNSON, McNEILL, KENNAMER, and NICHOLSON, JJ., concur.