No. 25,141.

The First National Bank of Oswego, *Appellant*, v. W. C. Jucksch (James L. Brooks and Lena Brooks), *Appellee*.

SYLLABUS BY THE COURT.

1. ORAL PROMISE—*To Pay Debt of Another—Evidence Within Allegations of Pleading*. Certain evidence to which objection is made is held to be within the allegations in the pleadings and the issues thereby formed.

2. SAME—*Answer of Garnishee—Not Introduced in Evidence—May Not Be Read to Jury by Counsel in Argument*. The answer of a garnishee not introduced in evidence in the main case between plaintiff and defendant upon an issue whether the defendant had promised to pay the debt of another, may not be read to the jury or commented on by counsel in his argument for plaintiff in support of that issue.

3. SAME—*Evidence Sufficient to Uphold Verdict*. The evidence examined and held to be sufficient to uphold the verdict of the jury.

4. SAME—Other rulings challenged are held to be without error.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed April 5, 1924. Affirmed.

*Archie D. Neale*, of Chetopa, for the appellant.

*Elmer W. Columbia*, of Oswego, and *E. L. Burton*, of Parsons, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action brought by The First National Bank of Oswego, against James L. Brooks and Lena Brooks, his wife, and W. C. Jucksch, to recover upon an oral promise alleged

to have been made by Jucksch to pay an indebtedness of Brooks and wife to the bank. The defendant prevailed and plaintiff appeals.

It appears that Jucksch had obtained contracts for the building of roads and had sublet a portion of the work to James L. Brooks. To obtain means with which to purchase road-building machinery and equipment, Brooks borrowed money from the bank, giving three notes, one for $2,500, another for $1,933.35, and still another for $4,500. To secure the payment of these notes Brooks and his wife executed a chattel mortgage on his road-building machinery and other personal property. The notes were not paid when due and they were extended a number of times, and it is the contention of the plaintiff that Jucksch, in order to avoid a foreclosure of the chattel mortgage and the stoppage of the work of road building, promised the bank that he would see that the notes were paid. The chattel mortgage was ultimately foreclosed and the road-building machinery and other mortgaged property was sold for the sum of $2,643.70. The contention of Jucksch was that he had never promised to pay the indebtedness of Brooks, and the principal question in the case was whether or not a promise had been made that was enforceable. The verdict of the jury was in favor of Jucksch, which was practically a holding that the promse had not been made.

Complaint is made that Jucksch was permitted to testify that Brooks owed him large sums of money at the time the transactions were had and before the suit was begun. This testimony was admitted over the objection of the plaintiff. There was no error in the ruling. Plaintiff alleged and contended that Jucksch had agreed to pay Brooks' debt in order that the road work might be carried on and that the agreement was made at a time when Jucksch was indebted to Brooks for road work as plaintiff was informed by Jucksch, and that plaintiff, relying thereon, did not foreclose the chattel mortgage or collect the indebtedness from Brooks which might have been done but for the promise of Jucksch. To meet this claim Jucksch offered testimony to show that no promise to pay Brooks' debt had ever been made and it was proper to show that the alleged indebtedness from Jucksch to Brooks did not at the time exist. That proof not only met the plaintiff's express averment but it was a circumstance tending to disprove the alleged promise.

Complaint is made that counsel for plaintiff in his argument to

the jury was not allowed to read to the jury or comment upon an answer given in a garnishment proceeding that was brought in which it is said the counties of Labette and Cherokee had answered that they were indebted to Jucksch in the amount of $25,000, payable when the work on the road was completed, and that Jucksch had given a bond to obtain a discharge of the garnishees. The garnishment was a collateral proceeding to seize by notice money or property due from a third party to the defendant to be applied to any judgment that the plaintiff might recover against the defendant. (*Beamer v. Winter*, 41 Kan. 596, 21 Pac. 1078.) The garnishees were not made parties in the action brought by plaintiff against the defendant. If the answer of the garnishee is challenged, an issue is formed between the plaintiff and the garnishee, and in such a case it is deemed to be an action by the plaintiff against the garnishee and defendant as parties defendant. (R. S. 60-951.) The issue to be tried is not the one arising between the plaintiff and defendant as to whether the latter is indebted to the former, but it is whether the garnishee is indebted to the defendant or has property in his possession or under his control belonging to the defendant. The answer of the garnishee might be evidence against the garnishee in the garnishment proceeding, but it would not be evidence against the defendant in the action brought by the plaintiff against him on the alleged promise to pay the debt of another. If defendant had participated in the trial of the garnishment proceeding and had made admissions as to his liability to plaintiff such admissions might have been introduced in evidence. No evidence of the garnishment proceedings were introduced, and what was contained in them is not shown by the record of this appeal. It is indicated in the briefs that the garnishees answered that they were indebted to the defendant, but such an answer would be irrelevant in the determination of the issue whether the defendant had promised to pay Brooks' debt to the bank. The answers or proceedings, whatever they may have been, not being in evidence, counsel had no right to refer to them or to any statements or facts which were not in evidence.

Objection is made that plaintiff was not permitted to show that the property upon which Brooks gave a chattel mortgage would have brought much more if it had been sold when the notes matured rather than when it was disposed of after extensions had been granted to Brooks. Since it has been found that the defend-

ant did not promise to pay Brooks' notes and was in no way liable thereon, the extensions and the amount ultimately realized on the sale of the mortgaged property is of no consequence in this appeal.

Error is assigned on the striking out of the petition and the case, the Brooks note for $4,500, which it is said had been transferred to another party. The record shows that plaintiff asked a dismissal as to that note and that it was allowed over defendant's objection. Of this plaintiff cannot complain.

The principal and turning point in the case was whether Jucksch promised to pay the debt of Brooks to the bank. He did not sign the notes nor any writing agreeing to pay this indebtedness to the bank. Laying aside the question that under the statute of frauds a party cannot be charged upon a promise to pay or answer for the debt of another unless the agreement to do so shall be in writing, there is abundant evidence in the record to sustain the finding of the jury that the alleged promise was not made. While the plaintiff did make a payment of interest upon the notes for Brooks and charged the amount paid to Brooks' account, he specifically denied that he ever agreed to pay the notes or assume any liability thereon. When the president of the bank insisted that if the notes were not paid, he would have to foreclose the chattel mortgage on the Brooks property, defendant specifically declined to help Brooks, saying the course to be followed was up to the bank, that it was their business, and if they closed Brooks' account he, Jucksch, would get someone else to do the work. According to the testimony of the defendant there was nothing approaching a promise to pay Brooks' debt to the bank, and that testimony being accepted as true by the jury, its finding thereon is conclusive.

Some other objections are made to rulings, but they are not deemed to be material and no reason is seen for disturbing the judgment.

It is affirmed.